IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Nancy K. Wactor, | ) | |
| | ) | C/A No. 8:11-3167-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Jackson National Life | ) | |
| Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Plaintiff Nancy K. Wactor's Motion to Alter or Amend Judgment pursuant to Fed.R.Civ.P. 59(e). (ECF No. 51). Defendant Jackson National filed a response opposing the motion. (ECF No. 52). For the reasons set forth below, Wactor's motion is denied.

Rule 59(e) provides an "extraordinary remedy that should be used sparingly." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citations omitted). The Fourth Circuit has articulated "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Id*. (citations omitted). Rule 59(e) motions, however, may not be used to raise new arguments which could have been raised prior to the issuance of the judgment or to argue a novel legal theory that the party could have addressed earlier. *Id*.

In her motion, Wactor primarily contends that the court misconstrued her argument

regarding waiver. (ECF No. 51-1 at 1).[1] Wactor contends that the evidence shows that over the life of the insurance polices, Jackson National sent late notices 22 times and on those 22 occasions Decedent "apparently" received the notices. (ECF No. 51-1 at 2). She further contends that Jackson National established a course of dealing on those 22 occasions of sending a notice "and having [Decedent] receive the Notice . . . ." (ECF No. 51-1 at 3).[2]

While a waiver may be implied and follow from a course of dealing or conduct, Wactor has not established the requirements of waiver in regard to the receipt of the notices. A waiver constitutes "a voluntary and intentional abandonment or relinquishment of a known right." *Janasik v. Fairway Oaks Villas Horizontal Prop. Regime*, 415 S.E.2d 384, 387 (S.C. 1992). "Generally, the party claiming waiver must show that the party against whom waiver is asserted possessed, at the time, actual or constructive knowledge of his rights or of all the material facts upon which they depended." *Id.* at 387-88.

First, there is no evidence as to how Jackson National sent the prior notices, i.e. that the prior notices were sent with Jackson National requiring notice of their receipt. Second, there is no evidence in the record that Decedent actually received the notices in the past; indeed Wactor herself notes that Decedent "apparently" received the notices on 22 prior occasions. While the court agrees that Jackson National may have established a course of dealing and waived its right to cancel during the grace period by mailing the lapse notices, the intent to waive its right to

---

[1] As to other issues, Wactor merely reasserts her earlier arguments and, in fact, specifically relies on her earlier memorandum. (ECF No. 55-1 at 5). "Because of the interests in finality and conservation of judicial resources, Rule 59(e) motions are not at the disposal of an unsuccessful party to rehash the same arguments and facts previously presented." *Keyes v. Nat'l R.R. Passenger Corp.*, 766 F.Supp. 277, 280 (E.D.Pa. 1991) (internal citation and quotations omitted). Accordingly, the court will not address these issues.

[2] Wactor also contends that once a course of dealing establishes a duty to provide notice, *Edens v. South Carolina Farm Bureau Mut. Ins.*, 208 S.E.2d 670 (S.C. 1983), becomes relevant. (ECF No. 51-1 at 5). As in the prior order, the court finds *Edens* inapplicable when there is no ambiguous provision in the insurance contract.

cancel based upon receipt cannot be established through Jackson National's prior conduct.[3]

After a careful review of the record, the court concludes that no legally sufficient basis exists to alter or amend the court's July 10, 2013 Order. Plaintiff has failed to show any intervening change in controlling law, offer any new evidence, or show clear error of law or manifest injustice. Accordingly, Plaintiff's Motion for Reconsideration is denied.

## Conclusion

For the foregoing reasons, Plaintiff's Motion for Reconsideration (ECF No. 51) is **DENIED**.

**IT IS SO ORDERED**.

                                                          s/Timothy M. Cain
                                                          United States District Judge

Anderson, South Carolina
October 8, 2013

---

[3]In her reply to Defendant's response to the motion to reconsider, Wactor for the first time contends that Jackson National cannot rely on a computer log to establish that it mailed the notices because the computer log is "flawed, suspect and erroneous." (*Id*. at 3, 4). The court need not address this new argument because Wactor cannot use a Rule 59(e) motion to raise new arguments.